### DADE et al. v. BOORUM & PEASE CO.

(Circuit Court, S. D. New York. January 2, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—SUFFICIENCY OF SPECIFICATION.
   Whether the specification and drawings of a patent are sufficiently full, clear, precise, and exact to enable persons skilled in the art to understand them is a question of fact which cannot be determined on a demurrer to a bill for infringement.

2. SAME—MARKING ARTICLES AS PATENTED.
   Under Rev. St. § 4901 [U. S. Comp. St. 1901, p. 3388], which prohibits the marking of articles not patented as patented under a penalty, the fact that such mark is placed on a part of the patented article which is not covered by the patent does not render the patent invalid.

In Equity. Suit for infringement of patent. On demurrer to bill.

Nicholas M. Goodlett, Jr., for plaintiffs.
A. Parker Smith, for defendant.

WHEELER, District Judge. This bill is brought upon patent No. 555,930, dated March 10, 1896, for a "binder and sheets therefor," consisting of a back and peculiarly constructed posts and fastenings for sheets, with open and closed perforations for the posts, arranged for convenient removal of single sheets from anywhere in the pile. It alleges marking the binders, and printing "Pat. March 10, 1896, for Dade Binder," upon the sheets. The defendant has demurred, assigning in substance, for cause, that the specification is not sufficiently "full, clear, precise, and exact," and that this marking of the leaves is illegal.

The arrangement of posts and fastenings is somewhat complicated, and some of the letters of reference to the drawings are misplaced, causing literal confusion; but careful reading and examination would or might show persons skilled in this art, and perhaps others, that

these were mistakes, and what was actually intended; and that would be all that is required. At least, the specification and drawings are not so meaningless that it can safely be assumed that persons skilled in the art cannot understand them; and whether they can or not is a question of fact which cannot be determined on demurrer.

The sheets are mentioned in the title at the head of the patent, in the specifications, and as parts of the combinations of several of the claims. The prohibition of marking articles not patented as patented, with penalty, is limited to "the purpose of deceiving the public." Rev. St. § 4901; 3 U. S. Comp. St. 1901, p. 3388. It does not provide for invalidating the patent by the marking. If it did, the bill does not allege any purpose of deceiving the public, and that cannot be inferred on demurrer. This is, as alleged, all subsequent to the patent, and would not of its own effect invalidate that.

Demurrer overruled; defendant to answer over by February rule day.